UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEANDRE ARNOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:16-cv-2992-LJM-DML |
| | ) |
| D. GATES, LAWRENCE PITTS, | ) |
| SGT. HITION, | ) |
| | ) |
| Defendants. | ) |

**Entry Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 14] is **denied** as moot. The $400.00 filing fee was paid in this action on January 25, 2017. [Dkt. 11].

**II.**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v.*

*Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

The plaintiff's federal claim is brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997). Here, the plaintiff's alleges that on June 14, 2016, Officer Pitts opened the door to his cell. Officer Gates entered the plaintiff's cell and began choking him. Supervisor Sgt. Hition observed Officer Gates choke the plaintiff but waited several minutes before yelling at Officer Gates to stop. Approximately twenty minutes later, the plaintiff notified Sgt. Hition and Officer Pitts he was injured and needed medical treatment. They both ignored him.

The plaintiff alleges that these events implicate the Eighth's Amendment proscription against the imposition of cruel and unusual punishment.

**A.** The Eighth Amendment ban on cruel and unusual punishment prohibits the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The use of excessive force can support a viable claim under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). To determine whether a viable excessive force claim is presented here, the "core judicial inquiry" is whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010) (*citing Hudson*, 503 U.S. at 7) (internal quotation marks omitted). "The infliction of pain in the course of a prison security measure, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Whitley v. Albers*, 475 U.S. 312, 319, (1986). *See also Guitron v. Paul*, 675 F.3d 1044, 1045-46 (7th Cir. 2012) (quoting *Whitley*).

**B.** In order for an inmate to state a claim under § 1983 for the denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)(construing Estelle).

Applying these standards, the plaintiff's Eighth Amendment claim for excessive force and deliberate indifference to a serious medical need may proceed.

## III. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Officer Gates, Officer Pitts, and Sgt. Hition in the manner specified by Rule 4(d). Process shall consist of the complaint filed on November 2, 2016, [dkt. 2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The plaintiff's motion for the United States Marshal to service the defendants [dkt. 15] is **denied** as unnecessary.

**The clerk is designated to serve the Indiana Department of Correction employees electronically.**

   IT IS SO ORDERED.

Date: 2/9/2017

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:

Keandre Arnold, #201948
New Castle Correctional Facility
Inmate Mail/Parcels
P.O. Box A
New Castle, IN 47362

**Electronic service to:**

Officer Lawrence Pitts
Employee
Pendleton Correctional Facility
4490 Reformatory Road
Pendleton, IN 46064

Sgt. Hition
Employee
Pendleton Correctional Facility
4490 Reformatory Road
Pendleton, IN 46064

Officer D. Gates
Employee
Pendleton Correctional Facility
4490 Reformatory Road
Pendleton, IN 46064